UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Application for Leave to Take Early Discovery [11]

On June 14, 2018, plaintiff Strike 3 Holdings, LLC filed an ex parte application for leave to serve a third-party subpoena on Frontier Communications Corporation prior to a Rule 26(f) conference. Docket no. 11. Plaintiff's application is supported by the declarations of Greg Lansky ("Lansky Decl."), Tobias Fieser ("Fieser Decl."), Philip Pasquale ("Pasquale Decl."), and Susan B. Stalzer ("Stalzer Decl."). Plaintiff seeks to learn the Doe defendant's name and address through Frontier Communications Corporation, which is believed to be defendant's internet service provider. P. Mem. at 1-2.

For the reasons that follow, the court grants plaintiff's application, but with certain additional protective measures.

## I. BACKGROUND

Plaintiff filed its Complaint on April 18, 2018. *See* docket no. 1. Plaintiff is the owner of adult motion pictures. Compl. at 1. These motion pictures are distributed through various adult websites and DVDs. *Id.* at 1-2. Plaintiff alleges defendant used BitTorrent protocol to download plaintiff's motion pictures and distribute them to others, committing copyright infringement. *Id.* at 2.

BitTorrent is a system where users connect to other users' computers to simultaneously download and upload pieces of the file from and to others. *Id.* at 4. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

user first obtains a torrent file for a movie from a torrent website.  *Id.*  This file contains instructions for identifying Internet addresses of other users who have the movie and for downloading the movie from those users.  *Id.*  When the user downloads all the pieces of that movie from the other users, the movie automatically reassembles into its original form.  *Id.*

 Plaintiff hired an investigator, IPP Internal UG ("IPP"), to monitor and record online infringement of its movies.  Fieser Decl. ¶ 4.  IPP's system monitors the BitTorrent file distribution network for the presence of copyrighted works.  *Id.* ¶ 5.  The software identifies Internet Protocol ("IP") addresses of infringers who distribute copyrighted works within the BitTorrent network.  *Id.*  IPP's forensic servers connected to an electronic device using defendant's IP address 47.152.52.238.  *Id.* ¶ 7.  This IP address was documented distributing to IPP's servers multiple pieces of plaintiff's copyrighted movies.  *Id.*  Each piece was recorded in a packet capture ("PCAP"), which is a forensically sound interface for recording network traffic.  *Id.* ¶ 8.  IPP's software verified that reassembling each BitTorrent piece distributed by defendant's IP address results in a fully playable digital movie.  *Id.* ¶ 9.  The unauthorized motion pictures were identical, strikingly similar, or substantially similar to plaintiff's original works.  Stalzer Decl. ¶¶ 9, 10.

 Each digital file is identified by a cryptographic hash value, and IPP's software determined the files distributed by defendant's IP address have a unique cyptographic hash identifier.  Fieser Decl. ¶ 10.  Internet Service Provider ("ISP") Frontier Communications Corporation owned defendant's IP address at the time of the infringements and is the only entity that can correlate the IP address to its subscriber and identify the subscriber.  Pasquale Decl. ¶ 10; Stalzer Decl. ¶ 11.

 On June 14, 2018, plaintiff filed the instant application for leave to serve a third-party subpoena on Frontier Communications Corporation (Frontier Communications).  Docket no. 11.  The subpoena would seek the true name and address of defendant.  P. Mem. at 2.  Plaintiff argues it has shown good cause to serve the subpoena.  *Id.* at 6-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

## II. DISCUSSION

### A. Cable Privacy Act

The Cable Privacy Act prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). But a cable operator may disclose this information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order." 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through an arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

Frontier Communications Corporation is a cable operator within the meaning of the Act, and thus, pursuant to this order, disclosure of defendant's name and address is not prohibited so long as the subscriber is notified of the order. *See Strike 3 Holdings, LLC v. Doe*, 2018 WL1427002, at *2 (S.D. Cal. Mar. 22, 2018) ("Spectrum (Time Warner Cable) is a cable operator, and the [name and address] information requested by [plaintiff] falls within the exception to the Cable Privacy Act's disclosure prohibition.") (citing 47 U.S.C. § 551(c)(2)(B)).

### B. Discovery before Rule 26(f) Conference

Generally, discovery is not permitted prior to the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). But a plaintiff can be given an opportunity through early discovery to "identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). District courts apply a multi-factor test in deciding whether to permit early discovery to identify Doe defendants. *See Strike 3 Holdings, LLC*, 2018 WL 1427002, at *2 (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)). This test considers whether plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates the action can withstand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

a motion to dismiss; and (4) proves the discovery is likely to lead to identifying information that will permit service of process. *Id.*; *Strike 3 Holdings, LLC v. Doe*, 2017 WL6594008, at *2 (N.D. Cal. Dec. 21, 2017); *Malibu Media, LLC v. Does*, 2012 WL13019945, at *1 (C.D. Cal. May 10, 2012) (citing *MCGIP, LLC v. Does 1-49*, 2011 WL3607666, at *2 (N.D. Cal. Aug. 15, 2011)).

    **1.**    **Identification of Defendants**

Plaintiff must identify the Doe defendant "with sufficient specificity such that the Court can determine defendant is a real person who can be sued in federal court." *Columbia Ins. Co.*, 185 F.R.D. at 578. In the Ninth Circuit, courts have held a "plaintiff identifies Doe defendants by providing the unique IP addresses assigned to an individual defendant on the day of allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citations omitted). Courts have also found "merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient." *Id.* (citations omitted).

Here, IPP's software established direct connections with defendant's IP address 47.152.52.238 while defendant was using the BitTorrent file distribution network. Fieser Decl. ¶¶ 6-7; Compl. at 5. The software documented defendant's IP address distributing multiple pieces of plaintiff's copyrighted movies as listed in Exhibit A of the Complaint, and verified reassembling these pieces resulted in a fully playable digital movie. Fieser Decl. ¶¶ 7, 9. A PCAP confirmed IPP recorded a transaction with defendant's IP address at a date and time plaintiff alleges defendant's IP address infringed on one of plaintiff's copyrighted works. Fieser Decl. ¶ 7; Pasquale Decl. ¶¶ 7-9; Compl., Ex. A. Plaintiff also used IP address geolocation technology by Maxmind Inc., a provider of IP address intelligence and online fraud detection tools, to trace defendant's IP address to a physical address in this district. Compl. at 3.

These facts indicate the Doe defendant is an individual with a connection to the IP address 47.152.52.238, which can be traced to this district. Therefore, plaintiff has sufficiently shown defendant is a real person who can be sued in this court. *See Strike 3 Holdings*, 2018 WL1427002, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

### 2.    Previous Steps Taken to Locate Defendants

Plaintiff must also recount the steps taken to locate and identify the defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579.  Here, plaintiff states it has searched for defendant's IP address on various web search tools, including Google.  P. Mem. at 9.  It conducted research on its ability to identify defendant through other means by reviewing other sources of authority such as legislative reports, agency websites, informational technology guides, governing case law, etc.  *Id.*  It concluded Frontier Communications Corporation is the only entity that can correlate the IP address to its subscriber.  Pasquale Decl. ¶ 10; Stalzer Decl. ¶ 11.  Therefore, plaintiff has made a good faith effort to attempt to identify and locate defendant through other means.  *See Strike 3 Holdings, LLC*, 2018 WL 1427002, at *4.

### 3.    Ability to Withstand Motion to Dismiss

Plaintiff must also prove its suit against defendant could withstand a motion to dismiss.  *Columbia Ins. Co.*, 185 F.R.D. at 579.  For copyright infringement, plaintiff must establish: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act."  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted).  To prove a direct copyright infringement claim, plaintiff must show he owns the copyright and defendant himself violated one or more of plaintiff's exclusive rights under the Copyright Act.  *Id.*

Here, plaintiff alleges it owns the copyright to the works defendant has downloaded and the works have either been registered with the United States Copyright Office or have pending copyright registrations.  *See* Compl. at 6; *id.*, Ex. A.  Plaintiff also alleges defendant downloaded, copied, and distributed a complete copy of these works using the BitTorrent protocol without authorization, permission, or consent.  *See id.* at 6-7.  Plaintiff asserts defendant's IP address distributed multiple pieces of plaintiff's copyrighted movies, which when reassembled results in a fully playable digital movie.[1]

---

[1]    The court has considered the concerns expressed in *Malibu Media, LLC v. John Does 1 through 10*, 2012 WL5382304, at *3 (C.D. Cal. June 27, 2012), where plaintiff alleged the Doe defendants transmitted only part of all the BitTorrent pieces of the copyrighted work, as opposed to transmitting all the pieces.  But here, plaintiff contends

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

*See* P. Mem. at 12; Fieser Decl. ¶ 9.  Plaintiff therefore has adequately demonstrated its copyright infringement claim could survive a motion to dismiss.

### 4.     Likelihood Discovery Will Lead to Identification

Lastly, plaintiff must prove the early discovery process is likely to lead to identifying information about defendant that would make service of process possible. *Columbia Ins. Co.*, 185 F.R.D. at 580.  Here, plaintiff states the American Registry for Internet Numbers ("ARIN") identifies Frontier Communications Corporation as the owner of defendant's IP address at the time of the infringements.  P. Mem. at 12; Stalzer Decl. ¶ 11.  Frontier Communications Corporation certainly should be able to identify the subscriber of that IP address.

Of course, as discussed further below, while the discovery sought should allow plaintiff to identify the subscriber of the IP address, and while the Complaint alleges the subscriber is the infringing defendant, it may well be that the actual infringer was not the subscriber.  Nonetheless, given the likelihood that the infringer was either the subscriber or someone associated with the subscriber, and given that the Complaint in fact defines the defendant as the subscriber, at a minimum it is safe to say the requested subpoena is likely to lead to identifying information making physical service of process on the defendant subscriber possible.

Accordingly, plaintiff has established good cause for early discovery.

### C.     Protective Order

Pursuant to Rule 26(c), the court may *sua sponte* enter a protective order for good cause to spare parties "annoyance, embarrassment, oppression, or undue burden."  *Strike 3 Holdings, LLC*, 2018 WL357287, at *3 (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)); Fed. R. Civ. P. 26(c)(1).  The court finds it is proper to issue such an order here, as plaintiff suggests.  *See* P. Mem. at 13.

---

the reassembled pieces distributed by defendant's IP address result in a fully playable digital movie.  Fieser Decl. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

Here, as in many similar cases, the court is concerned the IP subscriber may not be the actual infringer. *See Malibu Media, LLC*, 2012 WL5382304, at *2 (noting while a person may be the subscriber, his roommate is the infringer, or the subscriber may be a business that allows Internet access to all employees and customers); *Strike 3 Holdings, LLC*, 2018 WL357287, at *3; *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the film].").

Furthermore, courts have granted requests for pseudonymity when "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Strike 3 Holdings, LLC*, 2018 WL357287, at *3 (citing *Does I Thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "An allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Id.*

Therefore, in granting plaintiff's application, the court will issue a limited protective order as detailed below.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (docket no. 11) with respect to John Doe subscriber assigned IP address 47.152.52.238 as follows:

1. Plaintiff may immediately serve a Rule 45 subpoena on Frontier Communications Corporation to obtain the Doe defendant's true name and address. The subpoena must include a copy of this order.

2. Frontier Communications Corporation will have **30 days** from the date of service upon it to serve the Doe defendant with a copy of the subpoena and a copy of this order. Frontier Communications Corporation may serve defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. The Doe defendant will have **30 days** from the date of service upon him or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-790-TJH (SPx) | Date | June 18, 2018 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with this court, as well as any request to litigate the subpoena anonymously.  Frontier Communications Corporation may not turn over the Doe defendant's identifying information to plaintiff before the expiration of this 30-day period.  If the Doe defendant files a motion to quash the subpoena or to proceed anonymously, he or she shall at the same time as the filing serve Frontier Communications Corporation with a copy, as well as plaintiff.  If such motion is filed, Frontier Communications Corporation not turn over any information to plaintiff until the court rules on the motion or otherwise issues an order instructing it to proceed.

      4.     If the 30-day period lapses without the Doe defendant contesting the subpoena, this limited protective order will expire and Frontier Communications Corporation shall have **10 days** to produce the information responsive to the subpoena to plaintiff.

      5.     Frontier Communications Corporation shall preserve any subpoenaed information upon receipt of the subpoena, and pending the resolution of any timely-filed motion to quash.

      6.     Any information disclosed to plaintiff in response to the subpoena may be used by plaintiff solely for the purpose of protecting and enforcing its rights as set forth in the Complaint.

      **IT IS SO ORDERED.**